**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN ANTHONY ALMEDA, | No. 12-17301 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-01558-KJM-GGH |
| v. | |
| FRED FOULK, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted October 7, 2014[**]
San Francisco, California

Before: IKUTA, N.R. SMITH, and MURGUIA, Circuit Judges.

I.      John Almeda contends that the trial court denied his right to present a

defense by erroneously holding that an alibi witness was unavailable to testify.  *See*

*California v. Trombetta*, 467 U.S. 479, 485 (1984).  The California Court of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appeal denied this claim, holding that the trial court did not abuse its discretion by finding that the witness was unavailable and that other witnesses could have provided the same testimony. This decision was not contrary to or an unreasonable application of clearly established Supreme Court precedent, *see* 28 U.S.C. § 2254(d)(1), nor an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2).

II.    Almeda argues that his right to a fair trial was violated when the trial court refused to grant him a continuance or a mistrial. The decision whether to grant a continuance "is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed." *Avery v. Alabama*, 308 U.S. 444, 446 (1940); *see Renico v. Lett*, 559 U.S. 766, 774 (2010) (applying similar standard to decision whether to grant mistrial). It is clearly established law that a trial judge does not abuse that discretion unless the decision to deny a continuance was "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) (internal quotation marks omitted). Given this standard and the delays involved here, we conclude that the California Court of Appeal's decision denying this claim was not an unreasonable application of *Slappy*. *See* 28 U.S.C. § 2254(d).

III.    Almeda argues that the trial court denied his right to compulsory process by withdrawing a bench warrant for the alibi witness's arrest.  Supreme Court precedent "establish[es], at a minimum, that criminal defendants have the right to the government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt." *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987).  The California Court of Appeal's denial of this claim was not an unreasonable application of clearly established Supreme Court precedent, because another bench warrant remained outstanding and other witnesses could have been called to testify to the same facts.  *See* 28 U.S.C. § 2254(d).

IV.    Almeda asserts that the trial court violated his right to confront an adverse witness when it permitted the state to question the witness, in front of the jury, when she was not under oath and refused to answer any questions.  A prosecutor's continued questioning of a witness who refuses to answer his questions may violate the confrontation clause when used to introduce evidence not otherwise in the record.  *See Douglas v. Alabama*, 380 U.S. 415, 419 (1965).  Although it is not good practice for a prosecutor to question a witness who is not under oath and refuses to answer questions, the California Court of Appeal did not unreasonably apply clearly established Supreme Court precedent when it denied this claim,

because the trial court properly instructed the jury regarding the state's questioning and other admissible evidence provided the same information. *See* 28 U.S.C. § 2254(d).

**AFFIRMED**.